Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Norman R. Rhoderick, Appellant.

Argued March 11, 1977, before Judges Crumlish, Jr., Kramer and Rogers, sitting as a panel of three.

618

*Richard Thrasher,* for appellant.

*George O. Phillips,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 21, 1977:

Claimant, Norman R. Rhoderick, appeals the decision and order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision granting him benefits. The Board's reversal was based on Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which states in relevant part:

An employee shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

In support of its order, the Board entered but three findings of fact:

"1. The claimant was last employed by A. M. Consultants, Inc., Gettysburg, Pennsylvania, as a se-

curity guard at an hourly rate of $3.25. His employment history covered some nine months. His last day of work was September 21, 1975.

"2. On September 21, 1975 the claimant was discharged because he had repeatedly been reluctant to perform his security functions as required by his employer.

"3. Because of the claimant's indifference to his duties, the employer's property was trespassed upon and at least on one occasion vandalized by non-patrons."

Claimant's challenge is centered upon Finding of Fact Nos. 2 and 3 which he contends are unsupported by the requisite substantial evidence. However, Claimant properly points out that should the record reveal substantial evidence supportive of these findings, a conclusion of law of willful misconduct under Section 402(e) would be warranted.

The Board supports its findings by referring to Item Number 3, Summary of Interview of the employer[1] and the direct testimony of the employer representative. These portions of the record state, respectively:

"Item Number 3.

"1. There was vandalism going on in his presence (people having been drinking); however, he refused to do anything about it out of fear of physical harm to himself. A lady officer then ordered the people off of the property while he stood by. In the process of their leaving, they defaced Company Property.

"2. Then students from a local college slipped on to the golf course and were playing without having first paid. They were ordered off. The follow-

---

[1] The Board notes that Item Number 3 was introduced into the record without objection by Claimant.

ing night claimant was instructed to patrol the golf course in a cart for fear the students would return and damage the property for having been chased off. Claimant refused to do same stating it was too cold. The students did return and remove all the flags from the holes on the golf course.

"Direct Testimony

"Q R Well could you attribute the vandalism to Mr. Rhoderick?

"E R No.

"Q R Did you attribute it to his failure to do his job?

"E R The following evening when Mr. Rhoderick came on duty, Mr. Michael had instructed me, I think Mr. Howard was away, I think he was on vacation and Mr. Michael instructed me to have Mr. have [sic] Norman go on the golf course with the golf cart that evening. And Norman informed me that it was too cold to go out there on a golf cart and he was not going to go. And when I reported this information to Mr. Michael, this is what brought about Norman's discharge."

A review of Finding of Fact Nos. 2 and 3 would seemingly lead us to believe that the discharge was based on Claimant's allowance of vandalism to occur on the premises *and* his failure to patrol upon order to do so. The record as quoted belies the conclusion that Claimant's conduct was in any manner a direct cause of the vandalism, albeit his failure to patrol as ordered could have contributed to circumstances making vandalism possible.

We do not bottom our affirmance of the Board on this basis, however, for it is clear from the quoted portions of the record that Claimant did refuse a direct order of his employer to patrol on the pretext of it being too cold. The employer's request was not an unreasonable one, given the vandalism which had

occurred to the property, and under these circumstances, a manifest disregard for the employer's interest was displayed by Claimant warranting a dismissal for willful misconduct.

Accordingly, we

ORDER

AND Now, this 21st day of April, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.